IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| URIEL ROJAS VARGAS,<br>      Plaintiff,<br>v.<br>BONDI, *et al.*,<br>      Defendant. | §§§§§§§§§§ No. 1:25-cv-01699-DAE |

ORDER

Before the Court is the status of the above captioned case and Petitioner's Emergency Motion to Enforce Temporary Restraining Order and for Immediate Release on Bond. (Dkt. # 12.) On November 5, 2025, this Court issued an Order granting Petitioner's Motion for Temporary Restraining Order, directing Respondents to hold a bond hearing for Petitioner by November 19, 2025. (Dkt. # 7.) On November 20, 2025, both parties filed status reports, informing the Court that a bond hearing was conducted on November 13, 2025, at which the Immigration Judge found Petitioner to be a flight risk and denied his release on bond. (Dkt. ## 11, 12.) However, the parties disagree over whether the Immigration Judge applied the correct standard during the bond hearing, and Petitioner concurrently filed an Emergency Motion to Enforce Temporary Restraining Order and for Immediate Release on Bond. (Dkt. # 12.)

1

Respondents urge that Petitioner already received his requested relief by receiving a bond hearing and that the Court lacks jurisdiction to review a discretionary decision of an Immigration Judge. (Dkt. # 10.) The Court agrees; to the extent Petitioner's motion requests that the Court reconsiders the Immigration Judge's decision, the Court finds it lacks jurisdiction to do so and denies such relief. Petitioner argues that the Court has an interest in enforcing its orders if they have not been followed. (See Dkt. # 12.)

Petitioner alleges that the Immigration Judge applied a standard requiring the Petitioner to bear the burden, showing by a preponderance of the evidence that they are not a significant flight risk or danger to the community. (Dkt. # 12 at 2.) Petitioner further alleges that the Immigration Judge "never once mentioned" the clear and convincing standard this Court ordered. (Id.) The bond decision does state the incorrect legal standard early in its order. (Dkt. # 10-1 at 2) ("The respondent bears the burden of establishing that he merits release on bond.") However, the Court finds that the Immigration Judge did, in fact, reference the legal standard this Court directed it to apply in its decision. (Dkt. # 10-1 at 3) ("When reviewing the [Petitioner's] record as a whole, the Court finds DHS met the U.S. District Court judge-mandated "burden of justifying [the Respondent's] continued detention by clear and convincing evidence based on dangerousness or

flight risk.") Accordingly, this Court cannot say that the hearing did not, on its face, comply with its November 5, 2025 Order. (See Dkt. # 10-1; Dkt. # 7.)

Accordingly, the Court **DENIES** Petitioner's Emergency Motion (Dkt. # 12). Further, having found that Petitioner received the bond hearing he requested, and after reviewing the habeas petition, briefs, and the status of this case, it appears that Petitioner received his requested relief and there is nothing left for the Court to do in this case. (See Dkt. #10-1.) In light of that hearing, the Court is thus inclined to dismiss the Habeas Petition. Should Petitioner oppose this course of action, the Court **ORDERS** briefing or an amended petition be filed on or before Friday, December 5, 2025, close of business day, addressing the jurisdictional issues raised by Respondents.

IT IS SO ORDERED.

DATED: Austin, Texas, November 25, 2025

_____
David Alan Ezra
Senior United States District Judge

3